## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**JOHN LOUDEN AND MARIA LOUDEN, on behalf of their minor son, R. L.[1],**

    **Plaintiffs,**

v.                                                       Civil Action No.: 2:22-cv-00317

**KROGER LIMITED PARTNERSHIP I,**

    **Defendant.**

### NOTICE OF REMOVAL

Defendant Kroger Limited Partnership I (hereinafter, "Defendant"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of the case styled as "John Louden and Maria Louden, on behalf of their minor son, [R. L.[2]] v. Kroger Limited Partnership I," Civil Action No. 22-C-143, currently pending in the Circuit Court of Wood County, West Virginia to the United States District Court for the Southern District of West Virginia at Charleston. As grounds for removal, Defendant states as follows:

1. Plaintiffs John Louden and Maria Louden, on behalf of their minor son R. L. (hereinafter, "Plaintiffs[3]"), instituted this civil action in the Circuit Court of Wood County, West Virginia on or about June 24, 2022.

2. In this civil action, Plaintiffs assert claims of medical negligence arising out of injuries that R. L. allegedly sustained from a dosage of the Pfizer Covid-19 vaccination

---

[1] While filed by Plaintiffs in state court using the full name of the minor, all filings by Defendant in this Court will refer to the minor by only his initials, R. L., in order to Comply with Federal Rule of Civil Procedure 5.2

[2] As noted above in Footnote 1, the actual caption of the state court action included the full minor of the name. Defendant has changed it to initials only in this filing in order to comply with Federal Rule of Civil Procedure 5.2.

[3] Plaintiffs are not seeking separate and distinct relief. They are both simply named in their capacity as the parents of R. L., a minor.

administered by a pharmacy employee of Defendant. *See* <u>Summons, Civil Case Information Statement, and Complaint</u>, attached hereto as ***Exhibit A***.

3. In the Complaint, Plaintiffs allege that a pharmacy employee of Defendant administered an improper dosage of the Pfizer Covid-19 vaccine to R. L. on or about June 24, 2021. *See* ***Exhibit A*** at ¶¶ 15-17. Plaintiffs allege that R. L. suffered from a "high fever, sever nausea, headaches, body aches, and dizziness" during the two days following the vaccine; that R. L. "continued to suffer from fatigue, frequent headaches, and a general 'brain fog'"; and that R. L.'s "cognitive abilities have been noticeably affected, and [that] he now struggles daily with forgetfulness and difficulty focusing on tasks." *Id.* at ¶¶ 21, 23, 26. Plaintiffs allege John and Maria Louden continue to monitor R. L. closely, as encouraged by his pediatrician, but allege that they are still concerned about the long-term effects. *Id.* at ¶25, 27. As a result, Plaintiffs seek damages "in an amount sufficient to compensate them fully for their injuries and damages as set forth herein, including an award of attorney's fees, costs, expenses, and other relief as the court deems appropriate." *Id.* at ¶ 12. *Id.* at "WHEREFORE" Paragraph.

4. Furthermore, Plaintiffs' initial demand to resolve this matter was $150,000.00. *See* <u>Demand</u> dated December 17, 2021, attached hereto as ***Exhibit B***. In their demand, Plaintiffs claim that, as a result of the alleged incident at issue in this civil action, R. L.'s pediatrician urged Maria Louden to "continue monitoring [R. L.] closely" and that R. L.'s "medical costs for such [medical] monitoring will amount to roughly $50,000 ($700/year for 70 years)." *See* ***Exhibit B*** at p. 2. In addition, Plaintiffs' lowest settlement demand to date, which immediately preceded the filing of the Complaint in this civil action, was $89,000.00. *See* <u>June 22, 2022 Email</u>, attached hereto as ***Exhibit C***.

5. In their Complaint, Plaintiffs allege that Plaintiffs John and Maria Louden are residents of Wood County, West Virginia, and that R. L. is their fifteen-year-old son. *See* **Exhibit A** at ¶¶ 1-2. Accordingly, for purposes of diversity jurisdiction, Plaintiffs are citizens of West Virginia.

8. Defendant Kroger Limited Partnership I, which operates the Kroger store where the incident in question occurred, is a limited partnership formed and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio, specifically 1014 Vine Street, Cincinnati, Ohio 45202.

9. Kroger Limited Partnership I is comprised of two partners. The Kroger Co. is the Limited Partner of Kroger Limited Partnership I, and KRGP Inc. is the General Partner of Kroger Limited Partnership I.

10. The Kroger Co. is a corporation that was incorporated in the State of Ohio on April 3, 1902. It has remained incorporated in the State of Ohio and operated and existed under the laws of the State of Ohio since that date. The Kroger Co.'s principal place of business is in the State of Ohio, specifically 1014 Vine Street, Cincinnati, Ohio 45202. As such, for purposes of diversity jurisdiction, the Kroger Co. is a citizen of Ohio.

11. KRGP Inc. is a corporation that was incorporated in the State of Ohio on September 25, 1997. It has remained incorporated in the State of Ohio and operated and existed under the laws of the State of Ohio since that date. KRGP Inc.'s principal place of business is in the State of Ohio, specifically 1014 Vine Street, Cincinnati, Ohio 45202. As such, for purposes of diversity jurisdiction, KRGP Inc. is a citizen of Ohio.

12. Both of the partners making up Kroger Limited Partnership I are corporations. There are no other members that are limited partnerships, limited liability companies or

individuals. As such, for purposes of diversity jurisdiction, Kroger Limited Partnership I is a citizen of Ohio.

13. Therefore, complete diversity among the parties exists.

14. Service of the Summons and Complaint ("Complaint") in this matter was made upon Defendant's registered agent for service of process on July 5, 2022.

15. This Notice of Removal, filed on August 4, 2022, is therefore timely under 28 U.S.C. §1446(b), in that removal has occurred within 30 days of service of the Summons and Complaint upon Defendant.

16. In accordance with 28 U.S.C. §1446(a), a copy of the Summons, Civil Case Information Statement, and Complaint served on Defendant is attached hereto as ***Exhibit A***. A copy of the docket sheet for this matter in the Circuit Court of Wood County is attached as hereto ***Exhibit D***. Other than these filings, no other proceedings have occurred in State Court, and no other pleadings, process or orders have been served.

17. This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

18. Venue for this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court action was pending.

19. For purposes of removal, the amount in controversy is determined by considering the judgment that could be entered if Plaintiffs prevail on the merits of their case as it stands at the time of removal.

20. Here, the claims of Plaintiffs exceed the sum of $75,000.00, exclusive of interest and costs. As noted above, Plaintiffs claim that the incident which is the subject of this action affected R. L.'s cognitive abilities, that he continues to experience forgetfulness and difficulty focusing on tasks, and that he will require medical monitoring.

21. When a court is "considering whether the jurisdiction amount is satisfied, the court looks to a variety of factors including:"

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be expenses or losses incurred by plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . . .

*Patton v. Wal-Mart Stores*, Civil Action No. 5:05-0655, 2005 U.S. Dist. LEXIS 41010, at *5 (S.D. W. Va. Sep. 26, 2005) (citing to *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 486 (S.D. W. Va. 2001)). *See also*, *Baker v. Purdue Pharma L.P.*, No. 1:01-0553, 2002 U.S. Dist. LEXIS 28129 (S.D. W. Va. Mar. 28, 2002) (wherein the court denied plaintiff's motion to remand and considered medical monitoring expenses alleged in plaintiff's amended complaint to satisfy the "amount in controversy" requirement) and *Rice v. CSX Transp., Inc.*, Civil Action No. 5:01CV74, 2002 U.S. Dist. LEXIS 29235 (N.D.W. Va. Mar. 11, 2002) (wherein the court denied plaintiff's motion to remand and found that the costs of medical monitoring over a significant period of time along with funding for research would exceed $75,000 for even a single plaintiff).

22. As noted above, in this case, Plaintiffs allege that R. L. has suffered and continues to suffer cognitive injuries, have tendered two demands above $75,000.00 before filing this action, and have claimed damages of $50,000 alone for medical monitoring expenses.

Therefore, based upon the allegations contained in the Complaint and pre-suit correspondence and demands, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

23. Based upon the foregoing, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441(a). Complete diversity exists between the Plaintiffs and Defendant, and Defendant is not a citizen of the State of West Virginia. Further, although Defendant denies that it is liable to the Plaintiffs for any of the damages sought in their Complaint, the amount placed in controversy by Plaintiffs' Complaint exceeds $75,000.00, exclusive of interest and costs. As such, removal of this action to this Court at this time is both timely and proper pursuant to 28 U.S.C. §1441(a).

24. Pursuant to Fed. R. Civ. P. 81(c), Defendant is now required to answer or otherwise plead in response to Plaintiffs' Complaint within seven days after the Notice of Removal is filed.

25. Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of Wood County, West Virginia, and served upon Plaintiffs' counsel.

WHEREFORE, this action is hereby removed from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia at Charleston, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Circuit Court of Wood County, West Virginia.

        **KROGER LIMITED PARTNERSHIP I**

        */s/ Alexis B. Mattingly*
        Alexis B. Mattingly (WVSBN 10286)
        Brittany Given Simmons (WVSBN 13400)
        **DINSMORE & SHOHL LLP**
        611 Third Avenue
        Huntington, West Virginia 25701
        (304) 691-8406 Phone
        (304) 522-4312 Fax
        alexis.mattingly@dinsmore.com
        brittany.simmons@dinsmore.com
        **COUNSEL FOR DEFENDANT,**
        **KROGER LIMITED PARTNERSHIP I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**JOHN LOUDEN AND MARIA LOUDEN, on behalf of their minor son, R. L.,**

    **Plaintiffs,**

v.                                           Civil Action No.:_____ 2:22-cv-00317

**KROGER LIMITED PARTNERSHIP I,**

    **Defendant.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served the forgoing "***Notice of Removal***" and "***Civil Cover Sheet***" upon the following individual by depositing a true copy thereof in the regular manner in the United States Mail, postage prepaid, at Huntington, West Virginia, on the 4th day of August, 2022 to the following:

Brian J. Headley, Esquire
HEADLEY BALLARD LLC
297 Seven Farms Drive, Suite 302
Daniel Island, SC  29492

                                                                   */s/ Alexis B. Mattingly*