**From:** Kelly Creech <kelly@headleyballard.com>
**Sent:** Friday, June 24, 2022 3:43 PM
**To:** Brian Headley <Brian@headleyballard.com>; Campbell, Dennis <Dennis.Campbell@sedgwick.com>
**Cc:** Kelly Creech <kelly@headleyballard.com>
**Subject:** RE: 4A21064FDD8-0001 - L[REDACTED], [REDACTED] - 06/25/2021

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dennis:

I have attached the Complaint that was filed today in the Wood County Circuit Court on behalf of R[REDACTED] L[REDACTED].

*Kelly Creech*

Kelly Creech | Paralegal

**HB** HEADLEY BALLARD LLC

HEADLEY BALLARD LLC
297 Seven Farms Drive, Suite 302
Daniel Island, SC 29492
O: 843.804.6777 | F: 843.375.6185
website | map | email

GO PAPERLESS

*This e-mail message and any attachments are from the law firm of Headley Ballard LLC, and are intended solely for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this communication, or if it has been sent to you in error, please notify the sender immediately. Do not examine, review, use, disclose, deliver, distribute, reproduce or take any action in reliance on it and immediately delete the message and any attachments. (ABA Ethics Opinion 92-362, 11/10/92)*

---

**From:** Brian Headley <Brian@headleyballard.com>
**Sent:** Wednesday, June 22, 2022 1:48 PM
**To:** Campbell, Dennis <Dennis.Campbell@sedgwick.com>
**Cc:** Kelly Creech <kelly@headleyballard.com>
**Subject:** Re: 4A21064FDD8-0001 - L[REDACTED], R[REDACTED] - 06/25/2021

Good afternoon, Dennis.

Based on your denial of liability letter dated January 11, 2022, we understand that you and your insured are relying on statutory immunity to abrogate the responsibility for the events that have transpired, which do not appear to be in dispute. That is, both sides agree that R[REDACTED] was administered a dose of the Covid vaccine that far exceeded what he should have received. Indeed, the L[REDACTED]s only became aware of the issue because a Kroger representative called the L[REDACTED]s to admit the error. As you may or may not have learned, R[REDACTED] was one of three patients who were administered an excessive dose by the offending student employee. These circumstances certainly seem to fall within the statutory exceptions for immunity, and, in any event, will likely require discovery to fully flesh out the issues and present a sufficient record to rule on any dispositive motion.

With those facts in mind and in an effort to avoid needless motions practice, discovery, and the potential for extended appeals, I am authorized to reduce our demand to $89,000. Please advise whether you have any interest in a resolution at this time. Thank you.

Brian

6-28-2022                                 4A21064FDD80001                                 6020220628036279

**EXHIBIT C**